Filed 2/25/22  P. v. Young CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078290 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD164636) |
| LEJON ANDERSON YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed and remanded with directions.

Law Offices of Damon L. Hobdy and Damon L. Hobdy, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Alan L. Amann, and Felicity Ann Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

In 2002, Lejon Anderson Young pleaded guilty to first degree murder (Pen. Code,[1] § 187, subd. (a)) as part of a plea bargain under *People v. West* (1970) 3 Cal.3d 595 (*West*).  As a factual basis for the plea, the parties stipulated to the use of the transcript of the preliminary hearing.  The parties also considered the change of plea form, which stated that they stipulated the prosecution evidence would show that Young drove the codefendant to a place knowing the codefendant was going to kill someone.

Young was sentenced to a stipulated term of 25 years to life.  The remaining charges and allegations were dismissed.

In 2019, Young filed a petition for resentencing under section 1170.95.  Young was represented by retained counsel.  The parties filed briefs and the court reviewed the record of conviction.  The court denied the petition without issuing an order to show cause (OSC) and holding an evidentiary hearing.  The trial court concluded, based on the change of plea form and the court's review of the transcript of the preliminary hearing, that Young was a direct aider and abettor who acted with reckless indifference to human life.  The order stated:

> "On November 13, 2002, Petitioner entered a guilty plea to first degree murder in violation of Penal Code section 187(a). On April 2, 2003, Petitioner was sentenced to the total term of 25 years to life in state prison.
>
> "On January 14, 2019, the court received Petitioner's petition for resentencing pursuant to Penal Code section 1170.95.  On January 24, 2019, counsel was appointed for Petitioner.  On February 25, 2019, the People filed a response.  On July 31, 2019, Petitioner, through appointed counsel, filed a reply.  After a court-ordered stay of proceedings elapsed, on July 27, 2020, Petitioner, through

---

[1]     All further statutory references are to the Penal Code.

retained counsel, filed an additional reply to the People's response.

"The court has reviewed the case file, the petition, the pleadings filed by both parties, and the preliminary examination transcript. The court finds Petitioner has not made a prima facie showing that he is entitled to relief. (See Pen. Code§ 1170.95(c).) Petitioner has not shown that he could not be convicted of murder because of the changes made to Penal Code section 188 or 189 made effective January 1, 2019.

"Penal Code section 188(a)(3) states, 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'

"Penal Code section 189(e) states, 'A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:

(1) The person was the actual killer.

(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled , commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'

"Here, even without addressing Petitioner's personal intent, the facts contained in the court record establish Petitioner was a major participant in the murder and acted with reckless indifference to human life. On the change of plea form, when describing the facts of the murder charge,

3

Petitioner admitted, '*People v. West*.  Defense stipulates that the facts presented by the People would show that [Petitioner] drove another person to a specific location knowing that the other person intended to kill another human being.  Further, the preliminary hearing transcript can also be used as a factual basis.'  (See Plea of Guilty/No Contest - Felony Form Item No. 12.)

"Petitioner's counsel argues that the preliminary examination transcript raises a question as to whether or not Petitioner had knowledge a murder was going to occur.  However, this court finds that the issue regarding Petitioner's knowledge was resolved when Petitioner admitted under penalty of perjury on the change of plea form that he knew of his passenger's intent to kill when he drove him to the scene of the crime.  The facts set forth in the preliminary examination transcript support the admission that Petitioner drove a person known to him to kill another person and, based on the evidence presented at the preliminary examination, there was probable cause to make a finding that the Petitioner was a member of a criminal street gang and the victim was a rival gang member.  The Petitioner's version of the facts presented during the preliminary examination regarding his lack of knowledge of the shooting and the shooter's intent were not made under penalty of perjury.  Thus, this court does not find that a question regarding Petitioner's knowledge remains.

"When considering if a defendant is a 'major participant' in the murder, the following factors are considered:  'What role did the defendant have in planning the criminal enterprise that led to one or more deaths?  What role did the defendant have in supplying or using lethal weapons?  What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did the defendant do after lethal force

4

was used?  No one of these considerations is necessary, nor is any one of them necessarily sufficient. All may be weighed in determining the ultimate question, whether the defendant's participation "in criminal activities known to carry a grave risk of death" (citation omitted) was sufficiently significant to be considered "major" (citations omitted).' *People v. Banks* (2015) 61 Cal.4th 788, 803.

"Some factors to take into consideration when determining if a defendant acted with 'reckless indifference to human life' are as follows:  the mere fact of a defendant's awareness that a gun will be used in the felony is not sufficient to establish reckless indifference to human life, but a defendant's use of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life; proximity to the murder and the events leading up to it may be particularly significant where the murder is a culmination or a foreseeable result of several intermediate steps, or where the participant who personally commits the murder exhibits behavior tending to suggest a willingness to use lethal force; defendant's failure to provide aid while present at the scene; whether a murder came at the end of a prolonged period of restraint of the victims by defendant; defendant's knowledge of factors bearing on a cohort's likelihood of killing; and defendant's efforts to minimize the risks of violence during the felony.  (*People v. Clark* (2016) 63 Cal.4th 522, 616-623.)

"When considering the factors set forth in the *Banks* and *Clark* cases in conjunction with the facts detailing Petitioner's participation in the murder, there are sufficient facts to make a finding that Petitioner was a major participant and acted with reckless indifference to human life.  Petitioner drove the actual killer to the scene of the murder, drove with the lights off on the vehicle near the scene of the murder, knew the shooter intended to kill the victim when he drove him to the scene of the murder, did not render aid to the victim or attempt to get the victim any medical attention after he was shot in the head, drove the

5

actual killer from the scene after the shooting at a high rate of speed, and was a member of a rival criminal street gang. (See Plea of Guilty/No Contest- Felony Form Item No. 12 and Preliminary Examination Transcript.) Petitioner aided the shooter in committing a first degree murder and provided crucial assistance the shooter needed to complete the crime and get away from the scene without being caught. Accordingly, Petitioner falls within Penal Code section 189(e)(3) and he is not statutorily eligible for Penal Code section 1170.95 relief.

"Based on the foregoing, the Penal Code section 1170.95 petition for resentencing is hereby DENIED."

Young appeals, contending the trial court erred in concluding he had not stated a prima facie case for relief based upon the court's review of the record. He argues the court should have issued an OSC and conducted an evidentiary hearing as required by statute. We agree with Young that the court erred in denying Young's petition at the prima facie stage of review. The record of conviction does not establish Young is ineligible for relief as a matter of law. Rather, the court's denial of the petition was based on factfinding and weighing of the evidence, all of which are inappropriate at the prima facie review of the petition. Accordingly, we will reverse the order and remand the case to the trial court with directions to issue an OSC and conduct an appropriate evidentiary hearing.

## DISCUSSION

### I

### Legal Principles

Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) was enacted to " 'amend[ ] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the

6

intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Section 1170.95, subdivision (c) provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. If so, the court must issue an OSC and hold an evidentiary hearing on the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 962 (*Lewis*).) However, the court may deny the petition if the person is ineligible as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Lewis*, at p. 972.) However, the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Drayton*, at pp. 979-980.)

The court in *Lewis* went on to explain the process of reviewing petitions for resentencing under section 1170.95. The court said: "The record of

7

conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid.*)

" 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "Appellate opinions . . . are generally considered to be part of the record of conviction." (*Id.* at p. 972.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1170.95], subdivision (c)." (*Ibid.*)

## II

## Analysis

The People and the trial court take the position that Young's change of plea form establishes he admitted being a direct aider and abettor who acted with the reckless indifference to human life. We do not believe the record

8

supports that conclusion without doing some factfinding, which is not permitted by *Lewis* or *Drayton.*

Properly read, the statement is not an admission of particular behavior by Young. In this *West* plea bargain, the parties stipulated to what the prosecution's evidence would show. Consistent with the principles of *West,* which allow a defendant to take the benefit of a plea offer without making a specific factual admission, this plea has its "factual basis" in the transcript of the preliminary hearing and a stipulation regarding the prosecution's case. It is apparent that Young was accepting the plea offer without a direct admission of specific criminal conduct.

In order for the trial court to deny the petition for resentencing here, it was necessary to consider the evidence at the preliminary hearing as well as the stipulation. In other words, the trial court here found and weighed the evidence supporting the plea in order to discern the exact nature of Young's conduct during the offense. Such evidentiary evaluation is not appropriate at the prima facie stage of review. The court must issue an OSC and hold an evidentiary hearing as required by section 1170.95. We will reverse and remand to permit further review of Young's petition.

## DISPOSITION

The order denying Young's petition for resentencing under section 1170.95 is reversed.  The matter is remanded to the Superior Court with directions to issue an OSC and conduct an appropriate evidentiary hearing as required by statute.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

10